FERRIS v. ALDRICH.

(Supreme Court, General Term, First Department. December 29, 1890.)

1. NEGLIGENCE—DANGEROUS PREMISES—EVIDENCE.
Plaintiff, a workman in defendant's building, in course of construction, was injured while using, as a freight elevator, one of several uncompleted elevators in the building, while another, which had been finished for the purpose, was stopped for repairs. Defendant's superintendent, in charge of the building, knew that such elevator was used when the freight elevator was out of order. It had been prepared for use by placing in it a temporary floor, and, although defendant's son testified that he gave directions that it should not be used by the workmen, it did not appear that he notified the workmen of that fact. Held, that there was evidence, sufficient to be submitted to the jury, that the use of the elevator for such purpose was known to the agents of defendant.

2. SAME—CONTRIBUTORY NEGLIGENCE.
Plaintiff's arm, while projecting through an open panel of the unfinished elevator which he was using, was crushed between the ascending elevator and a floor beam above. He testified that he unconsciously allowed his elbow to go through the opening while adjusting his suspender. Defendant claimed that, from the nature of the wound, it could not have happened in that way. Held, that the court was not justified in dismissing the complaint in an action for the injury, on the ground of plaintiff's contributory negligence in this respect. DANIELS, J., dissenting.

3. SAME—TRESPASSERS—EMPLOYE OF CONTRACTOR.
An employe of a contractor for the construction of a building is not a trespasser, and may recover from the owner for injuries received, without fault on his own part, from the unsafe condition of an elevator in the building used by him in his work.

Appeal from circuit court, New York county.

Action by James Ferris against Elizabeth W. Aldrich. Plaintiff appeals from a judgment for defendant entered on the dismissal of the complaint at the trial.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

T. E. Rochfort, for appellant. Spencer Aldrich, (Osborn E. Bright, of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for personal injuries alleged to have been caused by the negligence of the defendant. The defendant was the owner of certain premises in Broadway, upon which, in April, 1887, a building was in course of construction, and unfinished. There were four elevators which were completed as to their running gear and machinery, and the cars finished in their general structure, but certain iron gratings were not yet placed in the panels. About the middle of April the defendant caused one of those elevators, called "No. 4," to be finished for the purpose of a freight elevator. It was used down to the morning of April 23d, when it was stopped for an hour or more for repairs. No. 3 elevator, which was like the freight elevator, except that it had no slats, was used during these repairs. In the neighborhood of 10 o'clock in the morning, the plaintiff, who was working for a contractor in the building, placed a barrel in the car on the ninth floor and descended with it to the basement. He took out the barrel, and shortly after entered the car with another barrel. He placed himself in the right-hand corner, close to the corner, and in some manner his elbow projected through one of these panels when the car started, and it was caught between the elevator and the iron floor beam above. and the

bones of his arm crushed. It was claimed upon the part of the defendant that the son of the defendant gave instructions that these elevators should not be used by the workmen in the building, and it was also claimed that the son had no knowledge at all of the use of this elevator. It appeared from the testimony of one Hamilton, who was the superintendent of the building, that No. 3, the elevator in which the accident happened, was used when No. 4, the freight elevator, was out of order. At first he stated that he did not remember that No. 3 had been used but once before. He then corrected his testimony, and said it had not been used pretty frequently. He would not say it had been used but once, but that it had been used very little; and by "very little" he meant it might have been used two or three times when the other was being fixed. Upon this state of facts the court dismissed the complaint upon the grounds that the elevator in which the plaintiff was hurt was not shown to have been used with the knowledge and consent of the defendant, and that the plaintiff had not shown that he was not guilty of contributory negligence.

In respect to the first proposition it seems to us that the learned justice overlooked the evidence both of the son of the defendant and also of the superintendent of the building. It is expressly stated by the superintendent that No. 3 was used when No. 4 was being repaired, and it is evident from the fact that No. 3 had been prepared for use by the placing in of the temporary floor to prevent injury to its polished floor; that it was the intention that it should be so used. This superintendent was in charge of the building, and gave directions in respect thereto, and he certainly knew of the use of the elevator in question. It is true that the son of defendant testified to giving directions that the elevator should not be used by the workmen, but is not stated, and there is no evidence, that he ever notified any of the workmen of that fact. The elevators were arranged for the purpose of carrying freight to the top of the building, and the jury had a right to infer that their use for such purpose was known to the agents and representatives of the defendant.

The question of the contributory negligence of the plaintiff is one of greater difficulty. It is claimed upon the part of the defendant that the way in which the accident happened was that the plaintiff placed his elbow outside of the window deliberately, and thereby became injured. If this was the fact, the ruling of the learned justice might very well be sustained. But it is claimed on the part of the plaintiff that such was not the fact, but that the accident arose from his accidentally and unconsciously allowing his elbow to go through the opening in the adjustment of a suspender which had become out of order. It is claimed upon the part of the defendant that this story cannot be true, and that from the nature of the wound it could not possibly have happened in this way. In the face of the positive affirmation of the plaintiff, this probably was a question for the jury to determine, and the argument now advanced might well be addressed to them for the purpose of discrediting the story of the plaintiff, but would not justify the court in taking the consideration of the question from the jury.

The claim of the defendant that no duty was due to the plaintiff, and that he was simply a trespasser, does not seem to be borne out by the evidence. He was the employe of a contractor who was working upon the building, and may be said therefore to have come to the building on the invitation of the defendant; and there is no proof except what may be inferred, which inference can only be drawn by the jury from the plaintiff's knowledge of the building, that he knew of the incomplete condition of this elevator in respect to its panels. There is no evidence that he knew anything of the alleged prohibition of the employes from riding in the elevator, and it was but natural that he should use the same for the purpose of conveying up and down the heavy material, a duty with which he was charged by his employers. Upon the whole case, therefore, we think that the question both of the

negligence of the defendant and of the plaintiff were questions for the jury to determine, as there was a dispute in regard to some material points of the testimony, and different inferences may be drawn as one version or another of the testimony is taken as true. The judgment should be reversed, and new trial ordered, with costs to appellant to abide event.

BRADY, J. I concur with VAN BRUNT, P. J.

DANIELS, J., (*dissenting.*) I think the injury was produced in part by the carelessness of the plaintiff in placing his elbow outside of the elevator. That was his own act, even if it was for the adjustment of his suspender. In making the adjustment, reasonable care, which he was bound to observe, required that he should keep his arm inside the elevator. His failure to do that was the fault of himself, without which the accident could not have occurred, and for that the defendant should not be held responsible. The judgment should, on that account, be affirmed.