### FERRIS v. ALDRICH.

(Supreme Court, General Term, First Department. June 3, 1892.)

1. NEGLIGENCE—DANGEROUS PREMISES—INJURY TO SERVANT OF CONTRACTOR.
　　Defendant furnished a contractor, who was putting in floors in her building, the use of a freight elevator, and employed a man to run it, whose employment was confined to it alone. The latter, at the request of the foreman of contractors, who were putting in other elevators, used temporarily one of the uncompleted elevators, and while so doing one of the servants of the contractor who was laying the floor was injured. The only evidence that defendant had authorized its use was the testimony of the foreman of the contractor employing the injured servant that it was his "understanding" that he was told that he could use the "elevators" when they "were running;" but he further testified that he had never seen any used "excepting one," and that prior to the accident he had only used the freight elevator. Held, that it was error to submit to the jury the question of defendant's liability for the injuries.

2. WITNESS—CROSS-EXAMINATION.
　　The foreman having merely stated that it was his "understanding" that he was told to use the "elevators," rather than one only, it was permissible to ask him on cross-examination if he did not understand the direction to refer to the freight elevator.

Appeal from circuit court, New York county.

Action by James Ferris against Elizabeth W. Aldrich. From a judgment for plaintiff, and an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

John M. Scribner, for appellant.　Thomas E. Rochfort, for respondent.

BARRETT, J. The right of the plaintiff to go to the jury upon the question of the defendant's negligence was sustained by this general term when the case was first presented to it (12 N. Y. Supp. 482) mainly upon the ground that one Hamilton, who was the superintendent of the defendant's building, knew of the use of the elevator in which the accident happened. Upon the second trial, now under review, it appeared most clearly that Hamilton was not the superintendent of the building, but that his duty was to look after the steam work, and to superintend the boiler, the engine, the engineer, and the elevators. The evidence failed to show that Youngs, who was superintend-

ent, knew of the use of this particular elevator, or that he ever authorized its use. There was evidence upon the former trial justifying an inference that Hamilton was the general superintendent of the building, and some of this evidence was brought into the second trial; but the latter was insufficient to outweigh the distinct testimony of Hamilton, Spencer Aldrich, and Alexander on this point, or to permit any possible inference to the contrary. It also appeared quite conclusively upon this second trial that the defendant's son and agent, Spencer Aldrich, provided one specially prepared elevator for the use of certain employes, and that neither he nor his mother ever authorized the use of any other elevator. The defendant employed one Mulvey to run this specially prepared freight elevator, and his employment was confined to it, and to it alone. The elevators generally were in the hands of Messrs. Otis Bros. under contract for their construction. They were not finished, and had not been delivered to the defendant as completed structures under the contract, at the time when the accident occurred. Shortly prior to the accident, the foreman of Messrs. Otis Bros. requested Mulvey to leave his freight elevator for a little while,—as it needed repairs,—and to step into another elevator. It was in this other elevator, and while Mulvey was running it, that the accident occurred. Under these circumstances, the defendant cannot be held liable for the plaintiff's injury. Mulvey's authority was limited to the running of the freight elevator, and there was no authority, actual or apparent, to use any other elevator. These elevators were, as we have seen, in an unfinished condition, and the contractors were still at work upon them. The defendant provided an elevator safe in every particular, and manned with a competent servant, for the use of those employes who were called upon to carry materials up and down. She did no more. Neither she nor her agent gave any one permission to use another elevator. Nor did she or her agent authorize Mulvey to run any of the other elevators, even temporarily. These other elevators had never, prior to the accident, been taken out of the custody of the contractors, or delivered to the defendant; nor had the defendant managed, controlled, or used them in any manner. What Mulvey did outside of the running of the freight elevator he did solely at the request of the agent of the contractors, and not under authority, express or implied, from the defendant. The latter observation also applies to the occasional use by the employes of such other elevators. Such use was without authority from the defendant, her agent or superintendent; and the evidence that Mr. Spencer Aldrich, or some other agent of the defendant, observed such occasional use, is too slight and inconclusive to warrant a conclusion contrary to their direct assertions. The only evidence tending to show that Mr. Spencer Aldrich authorized the use of all the elevators was that of Mr. Alexander, the foreman of Conover & Co., contractors for tiling the floors of the building. He testified as follows: "I asked him (Mr. Aldrich) if he would furnish me with the means of hoisting, and Mr. Aldrich told me that he would not supply means until the elevators were running, and then we could use the elevators. That was the understanding I had." The use of the plural in this connection was evidently inadvertent, as he refers in the same connection to "the elevator" and to "one elevator." Subsequently he said that he "never saw one used for carrying up goods, excepting one. This was the fourth one from Broadway. * * * I did not use any other elevator than No. four, that I remember of, previous to the accident." If, however, this slight evidence were deemed sufficient to carry the case to the jury upon the question of Mr. Spencer Aldrich's having given authority to use other elevators besides the freight elevator, it is clear that a new trial would have to be granted because of the refusal of the learned judge, upon Alexander's cross-examination, to permit the understanding thus testified to to be tested. It will be observed that when Alexander, upon his direct examination, spoke of elevators in the plural, he qualified the expression by the statement that that was his understanding.

Now, upon cross-examination, he was asked if, when Mr. Aldrich spoke of putting an elevator in use, he did not understand him to refer to this freight elevator. This question was ruled out, and the defendant excepted. It seems clear that this was error, for, if the only evidence in the case which could be strained into an authority to use the "elevators" generally consisted of Mr. Alexander's "understanding," it was the defendant's right to probe that understanding, and to show, if she could, that it referred not to the elevators generally, but in reality to the single freight elevator which was subsequently provided. Upon the facts as they appear upon the present appeal, we think the plaintiff wholly failed to make out a case for the consideration of the jury. He was not employed by the defendant, nor did she owe him any duty with regard to the elevator in question. He was the servant of her contractor, and as such he was authorized to work for such contractor in this unfinished building. He certainly could claim from the defendant no greater regard for his safety than if he were her own servant, and it is clear that as a servant of the contractor he took all the risks incident to his employment and incident to the use of the premises in the condition in which they were. The defendant owed him no duty or obligation resting on contract. Nor did she invite him to use the elevator in which he received his injury. She simply placed a proper elevator at the disposal of her contractors, and there her obligation, if any, ceased. We think that upon this evidence the complaint should have been dismissed. We need not, therefore, consider the question of the plaintiff's own negligence. The judgment and order appealed from should be reversed, and a new trial granted, with costs to abide the event.

O'BRIEN, J., concurs.

VAN BRUNT, P. J., (concurring.) I am of the opinion that upon the second trial there was no evidence sufficient to justify a finding that the elevator upon which the accident happened was used with the assent of the defendant or her superintendent. In this respect the case now is materially different from what it was upon the first trial, and, even if the evidence has been changed to meet the exigencies of the case, this court, upon appeal, cannot import evidence into the case which does not appear upon the record. I therefore concur with Mr. Justice BARRETT.